UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RACHEL R. ACCARINO and<br>ANTHONY J. PANTUSO, III,<br>    *Plaintiffs*,<br><br>    *v.*<br><br>TOWN OF MONROE and<br>KENNETH KELLOGG, in his official capacity,<br>    *Defendants*. | Civil No. 3:20cv592 (JBA)<br><br>December 9, 2020 |

**RULING GRANTING MOTION TO DISMISS**

Plaintiffs Rachel Accarino and Anthony Pantuso bring suit against the Town of Monroe and Kenneth Kellogg, in his official capacity as First Selectman, for unlawful search in violation of the Fourth and Fourteenth Amendments and the Article First, Section 7 of the Constitution of the State of Connecticut. (Pls.' Complaint [Doc. # 1-2].) Plaintiffs bring suit against the Town of Monroe (Town) for violating their Fourth Amendment rights against unlawful search when it permitted six police officers to enter their front, back, and side yards without a warrant or probable cause. Defendants bring this Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiffs fail to allege sufficient facts upon which relief could be granted. (Defs.' Mem. in Supp. of Mot. to Dismiss [Doc. # 17-1] at 2.)

**I.    Background**

Plaintiffs' complaint alleges that on March 30, 2020, Plaintiffs were at home when six police officers arrived at their property and began searching the front, side, and back yards without a warrant or probable cause. When Plaintiffs confronted the officers, they retreated.

Counts One and Three, against the Town and Kellogg, respectively, allege *Monell* claims of liability for violations resulting from a municipal policy, practice, or custom. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-94 (1978). Defendants argue that dismissal under Rule 12(b)(6) is proper because Plaintiffs have failed to identify an official policy, practice, or custom of the Town from which liability could be found. Defendants further argue that the claim against Defendant Kellogg in his official capacity is really a claim against the Town and should be treated as such.

Counts Two and Four, also against the Town and Kellogg, allege violations of the Constitution of the State of Connecticut. Defendants contend that dismissal is warranted on both Counts because (1) state law prohibits damages claims for state constitutional violations against municipal entities, and (2) Plaintiffs fail to plead a connection between Kellogg and the police officers at the scene. Defendants also renew their argument that the claim against Kellogg should be treated as a claim against the Town and dismissed accordingly.

## II.   Discussion

### a.   *Claims Against the Town*

#### i.   *Count One*

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must offer "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Simms v. City of New York*, 480 F. App'x 627, 629 (2d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While "a court is 'not bound to accept as true a legal conclusion couched as a factual allegation,' [it] must accept all non-conclusory factual allegations as true and draw all reasonable inferences in the plaintiff's favor." *Id.* (quoting *Ashcroft*, 556 U.S. at 678). Plaintiffs claim municipal liability under § 1983, and so must offer sufficient factual matter that the actions of the police officers

occurred as a result of official municipal policy or custom. *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).

While Plaintiffs are not required to identify a written law, they must anchor their claim in "a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell*, 436 U.S. at 694; *see also Simms v. City of New York*, 480 F. App'x 627, 631 n.4 (2d Cir. 2012) ("While it may be true that § 1983 plaintiffs cannot be expected to know the details of a municipality's training programs prior to discovery, this does not relieve them of their obligation under *Iqbal* to plead a facially plausible claim.") (internal citations omitted). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law [because t]hese are actions for which the municipality is actually responsible." *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

Plaintiffs claim the "official policy" of the Town was "to respond overly-aggressively and in excessive numbers to reports of unknown persons in a residential neighborhood," and "routinely [] enter onto residential properties without a warrant or probable cause in response to reports of unknown persons in a residential neighborhood." (Amend. Compl. [Doc. # 16] ¶ 13, 14.) Yet, Plaintiffs offer no factual support, other than this particular incident, to suggest that responding "overly-aggressively" and "in excessive numbers" was a policy, practice, or custom of the Town. They do not point to any written record of such a policy, any act of a policymaker that indicates condonation of the police officers' actions, *see Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 119–20 (2d Cir. 2004) (overturning a district court's dismissal of *Monell* liability claims against a municipality because the Chief of Police allegedly watched police officers commit constitutional violations and did not

intercede, thereby granting tacit approval of their actions), nor any pattern of behavior that would suggest the actions of the police officers to be sufficiently "persistent and widespread" so as to have the force of law, *see Sorlucco v. New York City Police Dep't*, 971 F.2d 864, 872 (2d Cir. 1992) (overturning a district court's judgment as a matter of law because a reasonable jury could have concluded that the plaintiff's presentation of "ample facts concerning her treatment" and "statistical evidence" demonstrated a pattern of unconstitutional behavior so widespread so as to have the force of law).

Plaintiffs fail to plead facts that plausibly indicate that this incident represents anything other than the independent actions of the officers. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989) (holding that violations by a "particular officer" cannot anchor municipal liability). As Judge Jeffrey Meyer held while dismissing *Monell* claims alleged against a municipality, "Plaintiff's circular reasoning—to infer the existence of a municipal policy merely from the fact that one or more officers broke the law—would well exceed the limits prescribed by *Monell* and result in municipal liability for practically all constitutional misconduct by any municipal employee." *Adams v. City of New Haven*, No. 3:14-CV-00778 JAM, 2015 WL 1566177, at *5 (D. Conn. Apr. 8, 2015). As Plaintiffs rely on such circular reasoning that an unconstitutional policy exists simply because of their personal experiences, without more, Defendant's motion to dismiss for Count One is granted.

### ii. Count Two

Defendants argue that Plaintiff's state constitutional claims against the Town for money damages fail because "damages claims based on violations of the Connecticut Constitution cannot be maintained against a municipal entity." *Alvarez v. Bloomfield Bd. of Educ.*, No. HHDCV146054235, 2015 WL 7939612, at *3 (Conn. Super. Ct. Nov. 10, 2015). Plaintiffs offer nothing to refute this argument in their reply brief

and declined to respond to it at oral argument. Thus, the claim is considered abandoned and the Motion to Dismiss with respect to Count Two is granted. *See Colbert v. Rio Tinto PLC*, 824 F. App'x 5, 11 (2d Cir. 2020) ("As a general matter, district courts frequently deem claims abandoned when counseled plaintiffs fail to provide arguments in opposition at the motion to dismiss stage.").

    *b. Claims Against Defendant Kellogg*

Plaintiffs bring suit against Defendant Kellogg "in his official capacity." Under federal law, Count Three is deemed a claim against the municipality itself. *See Coon v. Town of Springfield, Vt.*, 404 F. 3d 683, 687 (2d Cir. 2005) ("a § 1983 suit against a municipal officer in his official capacity is treated as an action against the municipality itself"). Similarly, under state law, "an action against a government official in his or her official capacity is not an action against the official, but, instead, is one against the official's office and, thus, is treated as an action against the entity itself." *Kelly v. City of New Haven*, 275 Conn. 580, 595 (2005). Plaintiffs' claims will therefore be treated as against the Town. As both the federal and state law claims against the Town are dismissed, Counts Three and Four against Defendant Kellogg are also dismissed for failing to state a claim upon relief is granted. *See Silva v. Town of Monroe*, No. CIV. 307CV1246 VLB, 2010 WL 582611, at *5 (D. Conn. Feb. 16, 2010) (dismissing claims brought against the First Selectman of the Town of Monroe in his official capacity because the "allegations against [him] are brought against him in his capacity as First Selectman for the Town of Monroe only, and therefore, the real party in interest is the Town of Monroe.").

### III.     Conclusion

For the foregoing reasons, Defendants' motion to dismiss [Doc. # 17] is GRANTED. The Clerk is directed to close this case.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 9th day of December 2020.